(C.D. 4055)

VANDERMOLEN EXPORT CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 30, 1970)

*Allerton deC. Tompkins* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before FORD, NEWMAN, and ROSENSTEIN, Judges

FORD, Judge: The merchandise before the court for consideration in this action consists of two different types of power-operated mist-cloud sprayers designated as KWH–77 TT mistblower combination, twin tank, and model KWH–26 M, mistblower having a capacity of not over 5 gallons. Upon importation, United States customs assessed these articles with duty at the rate of 10 per centum ad valorem as prescribed by item 662.50, Tariff Schedules of the United States, which provides as follows:

> Mechanical appliances, whether or not hand operated, for projecting, dispersing, or spraying liquids or powders; fire extinguishers, whether or not charged; spray guns and similar appliances; steam- or sand-blasting machines and similar jet projecting machines; all the foregoing (except automatic vending machines) and parts thereof:
>
> \* \* \* \* \*

662.50  Other _____  10% ad val.

Plaintiff contends they are properly entitled to entry free of duty under the provisions of item 666.00 which so far as is pertinent herein reads as follows:

666.00  \* \* \* and agricultural and horticultural implements not specially provided for \* \* \*_____ Free

The record consists of the testimony of the importer and three exhibits. Plaintiff's exhibit 1 depicts the model 77 TT and plaintiff's exhibit 2 depicts the models 25 M and 26 M in use. Plaintiff's exhibit 3 is a photostatic copy of a letter from the Bureau of Customs to the plaintiff dated December 6, 1960, advising him, based upon the information supplied by him to the Bureau of Customs, that classification of the KWH sprayer would be entitled to free entry under the provisions of paragraph 1604, Tariff Act of 1930, the predecessor of item 666.00 involved herein.

Item 662.50, *supra*, under which the involved sprayers were classified is found in schedule 6, part 4, subpart A, which has the following headnote:

> 1. A machine or appliance which is described in this subpart and also is described elsewhere in this part is classifiable in this subpart.

The effect of this headnote was discussed at length in our opinion in *Amalgamated Sugar Company* v. *United States*, 60 Cust. Ct. 268, C.D. 3361, 281 F. Supp. 373 (1968). To paraphrase our position based upon the facts herein it is clear that even if it had been established that the involved sprayers were chiefly used for agricultural or horticultural purposes, and we do not make such finding, classification under any other portion of part 4 may not be made for any machine or appliance described in schedule 6, part 4, subpart A. There is no question that the imported sprayers are machines or appliances and hence are eliminated from classification in item 666.00, *supra*.

Plaintiff urges the court to consider the following headnote of schedule 6, part 4, subpart C, under which its claim under item 666.00, *supra*, is found:

> 1. The provisions of item 666.00 for "agricultural and horticultural implements not specially provided for" do not apply to any of the articles provided for in schedule 6, part 2, part 3 (subparts A through F, inclusive), part 5 (except item 688.40), or part 6, or to any of the articles specially provided for elsewhere in the tariff schedules, but interchangeable agricultural and horticultural implements are classifiable in item 666.00 even if mounted at the time of importation on a tractor provided for in part 6B of this schedule.

By virtue of this headnote, plaintiff contends the article must be specially provided for as set forth in the headnote. This, plaintiff alleges, is tantamount to requiring an *eo nomine* or descriptive provision in order to exclude classification under item 666.00, *supra*. Even if plaintiff is correct in this position, and we do not so hold, we are of the opinion that notwithstanding the use of the term "other", the

balance of the language derived from the superior heading is a specific descriptive designation sufficient to permit classification under item 662.50, *supra*.

In any event, the primary consideration of the court is to ascertain the intent of Congress in enacting the legislation. Plaintiff has directed our attention to pages 264 and 266 of Schedule 6 of the Tariff Classification Study. This is a proper source for the court to utilize in its effort to ascertain the intent of Congress. The information contained therein relative to sprayers is indicative of the fact that certain sprayers formerly subject to classification under paragraph 1604, Tariff Act of 1930, are presently covered by item 662.45, Tariff Schedules of the United States. While item 662.45, *supra*, is not involved herein, the clear intent of Congress was expressed and indicated such sprayers would fall within said item 662.45, while the balance of the sprayers would fall within item 662.50, *supra*. This is a clear indication of an intent to invade the agricultural implements provision, item 666.00, *supra*. This is confirmed in said study wherein it was indicated that item 666.00 covers items formerly included in paragraph 1604, *supra*, and that a wide variety of items have been systematically assimilated in various parts of the Tariff Schedules of the United States. It is obvious that items 662.45 and 662.50, *supra*, have been derived from paragraph 1604, insofar as agricultural sprayers are concerned, and were intended to cover all sprayers. Accordingly, both items 662.45 and 662.50, insofar as agricultural sprayers are concerned, are those which the study indicated were assimilated in other parts. Therefore sprayers have in effect been excluded from item 666.00, *supra*.

In addition, we note that the intent of Congress is clearly set forth in House Report 342, 89th Congress, 1st Session, covering the Technical Amendments Act of 1965, Public Law 89–241. The involved importations were made just prior to the enactment of this act. House Report 342 at page 8, makes the following statement:

> An inadvertency in the drafting of item 662.45 limits the duty-free treatment for sprayers to those which are self-contained and have a capacity of over 5 gallons whereas it was the intention to except from free entry only self-contained sprayers having a capacity not over 5 gallons. Sprayers not in item 662.45 are dutiable under item 662.50 at 10 percent ad valorem.

Whether or not the amendment to item 662.45 was made, it is apparent from the language that the smaller sprayer was not encompassed therein and the provision of item 662.50 was to cover the articles not covered by item 662.45. The tariff study, *supra*, also confirms

this fact. This intended classification is further evidenced in-the foregoing report which supports our interpretation. This report may be used as a continued indication of Congressional intent to include the small sprayers within the classified provision. *Velan Steam Spec. & Velan Valve Corp.* v. *United States*, 57 CCPA58, C.A.D. 976 (1970).

Clearly, from the foregoing, it is apparent that self-contained sprayers having a capacity not over 5 gallons are classifiable in item 662.50 as classified irrespective of the language of item 662.45. The imported sprayers are self-contained and have a capacity of less than 5 gallons.

We have considered the fact that the Bureau of Customs has ruled, plaintiff's exhibit 3, that merchandise of this type, imported by plaintiff, was subject to classification under paragraph 1604, Tariff Act of 1930. However, we do not feel this supports the contention of plaintiff since the statutory language of item 662.45, both before and after amendment, covered only sprayers over 5 gallons. The clear intent was to include the smaller sprayer in item 662.50 as classified and as indicated in the House Report, *supra*. The protest is therefore overruled.

Judgment will be entered accordingly.